IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE J. M. SMUCKER COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>PROMOTION IN MOTION, INC.,<br><br>        Defendant. | CASE NO. 5:19-cv-1116<br><br>JUDGE _____<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff The J. M. Smucker Company ("Smucker"), by and through its attorneys, for its Complaint against Defendant Promotion In Motion, Inc., states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought by Smucker seeking a declaratory judgment that its use of the phrase "Fruit Is Our 1st Ingredient" for its *Smucker's Natural* Fruit Spreads does not infringe any rights of Defendant and seeking injunctive relief to prevent Defendant from asserting, threatening, or otherwise relying upon Defendant's "Fruit is our 1st Ingredient!" tagline against Smucker or its customers.

**PARTIES, JURISDICTION, AND VENUE**

2. At all relevant times, Smucker is and was a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 1 Strawberry Lane, Orrville, Ohio 44667.

3. Upon information and belief, Defendant Promotion In Motion, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 25 Commerce Drive, Allendale, New Jersey 07401.

4. Defendant is the manufacturer of WELCH'S Fruit Snacks, pursuant to a license from Welch Foods Inc.

5. Either directly or indirectly, Defendant manufactures, distributes, supplies, and/or sells goods into and/or from the State of Ohio. Defendant derives a financial benefit from the commercial activities it conducts either directly or indirectly in the State of Ohio.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 because it arises under the trademark laws of the United States (15 U.S.C. § 101 *et seq.*) and pursuant to the Declaratory Judgment Act.

7. Defendant is subject to this Court's personal jurisdiction in that it: (1) transacts business within the State of Ohio and this District; (2) supplies goods sold in the State of Ohio and this District; and/or (3) has committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio and this District, and either regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Ohio and this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

**A.     The Plaintiff**

9. Smucker is a leading marketer and manufacturer of pet food and pet snacks, coffee, and consumer food and natural beverages in North America. The Smucker family of

brands includes *Smucker's®*, *Jif®*, *Crisco®*, *Folgers®*, *Dunkin Donuts®* (by license), *Dickinson's®*, *R.W. Knudsen Family®*, *Sahale Snacks®*, and *Uncrustables®*, among many others.

10. For more than 120 years, Smucker has been a family-run business headquartered in Orrville, Ohio. The founder of Smucker, Mr. Jerome Monroe Smucker, sold his products from the back of a horse-drawn wagon with each jar of product bearing his hand-signed seal as his personal guarantee of quality. Today, his great-great-grandson, Mr. Mark T. Smucker, serves as the company's President and Chief Executive Officer, and continues to guide the company by applying his great-great-grandfather's solid, Midwestern values.

11. Smucker is the quintessential family-founded and consumer-oriented American manufacturing company. In addition to its facilities in Orrville, Ohio, it manufactures products at more than 30 locations across North America.

12. To ensure that its founder's personal commitment to its customers is maintained, Smucker operates from its core "Basic Beliefs" of Quality, People, Ethics, Growth, and Independence.

13. Smucker applies its high standard of quality to its products, its manufacturing methods, its marketing efforts, and its family of employees. For more than a century, Smucker has operated on the principle that quality comes first. Of particular importance to Smucker is maintaining the same strong, ethical values upon which the company was founded. Smucker maintains the highest standards of business ethics with its customers, suppliers, employees, and shareholders, and within the communities in which it operates.

14. As a direct result of Smucker's century-long commitment to its core beliefs and to its customers, both the general public and Smucker's competitors have come to associate high quality goods with the SMUCKER'S trademark and the Smucker family of related trademarks.

**B.**  *Smucker's Natural* **Fruit Spreads**

15. Consistent with its overall basic beliefs and its commitment to providing customers with high quality goods, Smucker has manufactured and sold jams, jellies, and preserves under the SMUCKER'S trademark for well over 100 years. Today, Smucker manufactures and sells over 40 varieties of jams, jellies, and preserves.

16. Smucker launched its *Smucker's Natural* Fruit Spread product in 2013, initially offering Orange Marmalade, Strawberry, Red Raspberry and Concord Grape flavors, at a suggested retail price of $2.59 to $3.89 for a 17.25-ounce glass jar.

17. *Smucker's Natural* Fruit Spreads are made from fruit, sugar, fruit pectin, and citric acid, and contain no preservatives or high-fructose corn syrup.

18. Representative images of the *Smucker's Natural* Fruit Spread product, as shown on Smucker's website, are depicted below:





19. Smucker is proud of the fact that fruit is the first ingredient listed on many flavors of its *Smucker's Natural* Fruit Spread product. From time to time, since at least as early as 2014, it has highlighted that fact in its advertising, such as in the advertisements depicted below:




20. In February 2019, Smucker saved the following advertisement on its Pinterest site:



6

21. As used by Smucker in connection with its *Smucker's Natural* Strawberry Fruit Spread product (depicted above), the claim "Fruit Is Our 1st Ingredient" is a truthful, accurate statement of fact informing consumers about the ingredients of the product.

**C.    The Defendant**

22. Defendant uses the tagline "Fruit is our 1st Ingredient!" at the top of the packaging of its WELCH'S Fruit Snacks product, as depicted below:



23. Defendant claims that it began using the tagline "Fruit is our 1st Ingredient!" for its WELCH'S Fruit Snacks product in 2015.

24. Defendant claims that, as a result of its "extensive usage," the tagline "Fruit is our 1st Ingredient!" has "developed strong secondary meaning and serves as a source identifier for the WELCH'S FRUIT SNACKS brand."

25. Defendant claims to own all rights, title, and interest in and to the tagline "Fruit is our 1st Ingredient!"

26. Upon information and belief, Defendant has never sought to register the tagline "Fruit is our 1st Ingredient!" as a trademark with the United States Trademark Office.

27. Upon information and belief, Defendant has never used the "TM" symbol, indicating that it is claiming common law rights in the tagline "Fruit is our 1st Ingredient!," since it began using the tagline in 2015.

28. Upon information and belief, Defendant has no data or other information that the tagline "Fruit is our 1st Ingredient!" has achieved secondary meaning among the relevant consuming public.

29. Smucker's use of the claim "Fruit is the first ingredient" for its *Smucker's Natural* Fruit Spread product began at least as early as 2014 and, therefore, predates Defendant's use of its tagline, which Defendant claims began in 2015.

**D.    Defendant's Recent Claims Against Smucker**

30. On April 2, 2019, Defendant, through counsel, sent a letter to Smucker alleging that Smucker's use of the phrase "Fruit Is Our 1st Ingredient" in advertisements for its *Smucker's Natural* Fruit Spread product "is likely to deceive consumers into believing that there is some affiliation or connection between the parties' respective products."  Further, Defendant accused Smucker of "encouraging consumers to see the parties' products as related and to assume some kind of connection or affiliation between the two."  Counsel for Defendant stated that if Smucker did not "immediately cease and desist from any further use of the designation 'FRUIT IS OUR 1st INGREDIENT,'" and provide "prompt written assurances by no later than April 12, 2019 of Smucker's intention to comply with such demand," he "shall have no alternative but to recommend that [Defendant] consider further steps designed to protect its valuable trademark rights."  A true and correct copy of Defendant's April 2 letter is attached hereto as Exhibit A and is incorporated herein by reference.

8

31. On April 11, 2019, Smucker acknowledged receipt of Defendant's April 2 letter and explained that it needed additional time to investigate the issues raised, requesting another week to respond.

32. After completing its internal investigation, Smucker provided counsel for Defendant with a formal, substantive response by letter dated April 19, 2019. Smucker advised Defendant that it was surprised to learn that Defendant claims to own trademark rights in the tagline "Fruit is our 1st Ingredient!" inasmuch as it "literally identifies the ingredients of the respective products" and is incapable of functioning as a trademark because it is merely informational matter. Smucker expressed disbelief that consumers recognize Defendant's use of the tagline as a trademark, or that it has acquired any secondary meaning. For those reasons, Smucker expressed its belief that the parties' respective uses of "fruit is our 1st ingredient" would be able to peacefully coexist in the marketplace without consumer confusion. A true and correct copy of Smucker's April 19 letter is attached hereto as Exhibit B and incorporated herein by reference.

33. In response to Smucker's April 19 letter, counsel for Defendant responded on April 30, 2019, dismissing Smucker's conclusions as detailed in the April 19 letter and asserting that Defendant "categorically reject[s] [Smucker's] contention that there is not a likelihood of confusion from the parties' use of the identical slogans." Further, Defendant insisted that "it is fully prepared to protect its rights if Smucker insists on continuing with this use rather than developing its own original tagline." A true and correct copy of Defendant's April 30 letter is attached hereto as Exhibit C and incorporated herein by reference.

34. On May 14, 2019, counsel for Defendant emailed Smucker "to see if we will be receiving any further response from Smucker on this matter." And demanded that, if so, Defendant "need[ed] to receive it by the end of this week."

35. Counsel for Smucker promptly responded to the May 14 email on May 15, explaining that Smucker was referring the matter to outside counsel for a second opinion and would get back to Defendant as soon as possible the following week.

36. With the parties unable to see eye-to-eye, and faced with threats of further action or interference with its business or customers by Defendant, Smucker filed this action against Defendant on May 17, 2019, seeking a judicial determination of the dispute.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

37. Smucker incorporates each and every allegation of Paragraphs 1-36 of this Complaint as though fully set forth herein.

38. Smucker's use of the phrase "Fruit Is Our 1st Ingredient" is not as a trademark and is not viewed by consumers as a source identifier for the goods sold under the *Smucker's Natural* brand.

39. Smucker's use of the phrase "Fruit Is Our 1st Ingredient" in advertisements for its *Smucker's Natural* Fruit Spread product is distinctive from use of the tagline "Fruit is our 1st Ingredient!" by Defendant for its WELCH'S Fruit Snack product both in overall appearance and in comparing the individual elements associated with each use.

40. As fully set forth above in Paragraphs 30-34, Defendant, through counsel, has asserted claims against Smucker alleging infringement of its "Fruit is our 1st Ingredient!" tagline.

41. As fully set forth above in Paragraphs 32-36, Smucker has denied all claims of infringement of Defendant's "Fruit is our 1st Ingredient!" tagline, believes that the parties can

peacefully coexist in the marketplace without consumer confusion, and has requested evidence that the "Fruit is our 1st Ingredient!" tagline has acquired secondary meaning and is perceived by consumers as a trademark.

42. As fully set forth above in Paragraphs 33-34, Defendant, through counsel, has refused to provide Smucker with any proposal for resolution of its infringement claims short of demanding that Smucker immediately cease and desist from any further use of the phrase "Fruit Is Our 1st Ingredient," and has, instead, indicated that Defendant "is fully prepared to protect its rights if Smucker insists on continuing with this use."

43. As a result of Defendant's refusal to provide a proposal for resolution of its infringement claims against Smucker, and the repeated statement that Defendant "is fully prepared to protect its rights," Smucker has been placed in apprehension of litigation as it continues to manufacture and distribute *Smucker's Natural* Fruit Spread product.

44. Defendant has asserted trademark rights in the tagline "Fruit is our 1st Ingredient!" against Smucker and/or Smucker's customers, thereby creating a justiciable controversy which is a cloud upon Smucker's business and, unless resolved by this Court, will interfere with and harm Smucker's business.

45. Upon information and belief, the tagline "Fruit is our 1st Ingredient!" is unprotectable as its fails to function as a trademark or an indicator of source because it is merely informational matter.

46. Upon information and belief, the tagline "Fruit is our 1st Ingredient!" is unprotectable as its fails to function as a trademark because it is merely descriptive and has not acquired secondary meaning.

47. Smucker's use of the phrase "Fruit Is Our 1st Ingredient" in advertising for its *Smucker's Natural* Fruit Spread product, or similar goods, is not likely to cause confusion or mistake among consumers as to the source or origin of the goods sold by the respective parties or as to the connection or affiliation of those goods or the parties themselves.

48. Upon information and belief, the tagline "Fruit is our 1st Ingredient!" is not a valid trademark under the trademark laws of the United States (15 U.S.C. § 101 *et seq.*) and in addition is not infringed by any act of Smucker or its customers.

## **PRAYER FOR RELIEF**

WHEREFORE, Smucker prays that this Court enter an Order:

A. Declaring that Defendant's tagline "Fruit is our 1st Ingredient!" is not a valid trademark and, as such, is unenforceable;

B. Declaring that Smucker's use of the phrase "Fruit Is Our 1st Ingredient" is not likely to be confused with Defendant's "Fruit is our 1st Ingredient!" tagline;

C. Declaring that Smucker's use of the phrase "Fruit Is Our 1st Ingredient" does not infringe any rights of Defendant;

D. Declaring that it is the right of Smucker and its customers to continue their business without any further action, threat, or interference of any kind of nature by Defendant or anyone claiming through or under Defendant on account of Defendant's "Fruit is our 1st Ingredient!" tagline;

E. For an injunction preliminarily and permanently restraining and enjoining Defendant from asserting, threatening, or otherwise relying upon Defendant's "Fruit is our 1st Ingredient!" tagline against Smucker or its customers;

   F. That Smucker be awarded its costs and attorneys' fees incurred in connection with this action; and

   G. Granting Smucker any other and further relief that the Court deems to be just and proper.

## JURY DEMAND

Smucker respectfully requests a trial by jury on all issues triable thereby.

Dated: May 17, 2019        Respectfully submitted,

              *s/ Angela R. Gott*
              Timothy P. Fraelich (Ohio Bar No. 0062468)
              tfraelich@jonesday.com
              Angela R. Gott (Ohio Bar No. 0082198)
              agott@jonesday.com
              JONES DAY
              North Point
              901 Lakeside Avenue
              Cleveland, Ohio 44114-1190
              Telephone: (216) 586-3939
              Facsimile: (216) 579-0212

              *Attorneys for Plaintiff*
              *The J. M. Smucker Company*